IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-06370-8-SWH |
| | ) | |
| LISA M. LITTKE | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| DEBTOR(S). | ) | |

**MOTION TO DISMISS CHAPTER 7 PROCEEDING
PURSUANT TO 11 U.S.C. § 707(a), (b)(1) and (b)(3)**

Now comes the Bankruptcy Administrator for the Eastern District of North Carolina and moves the Court for an order dismissing the debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(a), (b)(1) and (b)(3). The Bankruptcy Administrator supports the motion in the following:

GENERAL ALLEGATION AND JURISDICTION

1. The debtor filed a voluntary petition for Chapter 7 relief on August 12, 2010. The § 341 first meeting of creditors was held on September 9, 2010.

2. The Bankruptcy Administrator filed a statement of presumed abuse on September 21, 2010. This motion is timely filed within the requirements of 11 U.S.C. § 704(b)(2).

3. This motion is timely filed pursuant to B.R. 1017.

DEBTOR'S SCHEDULES, STATEMENT OF AFFAIRS AND FORM B22A

4. Debtor's schedules state that she has $479,690.00 of secured debts, $11,062.73 of priority unsecured debts, and $107,020.02 of non-priority liquidated unsecured debts. Debtor's debts are primarily consumer debts.

5. The debtor is married and has two children that reside in the household. The debtor's Form B22A (means test) states that her household size is four.

6. Schedule I of the debtor's petition states the debtor is self-employed and owns her business. She states on the means test that her current monthly income (CMI) as defined in 11 U.S.C. § 101(10A) from her employment is $6,910.95. On Schedule I, she states that she earns $5,257.65 per month in gross wages. She does not take any deductions from her wages. She states that her net monthly household income is $5,257.65. The non-filing spouse is a realtor and has not received commissions in the past six months.

7. Pursuant to B.R. 2004, the debtor has produced certain documents regarding her financial circumstances. The documents reveal that the debtor has understated her CMI, and did not report all of her income on Schedule I. During the mean testing period, the debtor paid many household expenses from her business bank account, and these sums were not accounted for in the means test.[1] The business bank account reveals that the debtor paid for food, automobile payments, cellular telephones, utilities, and cable from the account. These amounts clearly benefited the household and should have accounted in the calculation of her CMI. In review of the business bank statements and the debtor's personal bank accounts, the debtor's true CMI should be $9,213.79, which is $2,094.51 greater than scheduled. If the Bankruptcy Administrator's calculation of CMI is correct, then the debtor would have a disposable monthly income of $761.83, which is a presumed abuse.

8. The Bankruptcy Administrator believes that the totality of the debtor's circumstances demonstrates abuse. The debtor has the ability to pay her debts with minor adjustments to her expenses. The debtor further has not accounted for the payments that her business makes on her behalf to support her household. These amounts should be accounted for in Schedule I.

---

[1] The time frame in which to calculate CMI in this was from February 1, 2010 to July 31, 2010.

BASIS FOR DISMISSAL

9. The debtor's case should be dismissed pursuant to 11 U.S.C. § 707(b)(1). The debtor has understated her currently monthly income. If adjusted upward, her case would be a presumed abuse.

10. The debtor's case should be dismissed pursuant to 11 U.S.C. § 707(b)(3). The debtor has the ability to pay her creditors, and the totality of the circumstances demonstrates abuse.

11. The debtor's case should be dismissed pursuant to 11 U.S.C. § 707(a). The debtor's petition does not fully disclose all of her income.

WHEREFORE, the Bankruptcy Administrator respectfully moves the court for entry of an order which dismisses the debtor's case pursuant to 11 U.S.C. § 707(a), (b)(1), and (b)(3); and any other relief that this court may deem just and equitable.

Respectfully submitted, this 19th day of October, 2010.


/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator


/s/ C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854
Scott_Kirk@nceba.uscourts.gov
NC Bar #40349

**CERTIFICATE OF SERVICE**

I, C. Scott Kirk, of P.O. Box 3758, Wilson, North Carolina, 27895-3758, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18)

That on the 19th day of October, 2010, I served copies of the foregoing document on the following:

John T. Orcutt, Jr.
Attorney for Debtor
(Served Electronically)

Richard D. Sparkman
Chapter 7 Trustee
(served electronically)

by electronic service via cm/ecf, and

by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail on October 19, 2010 to the following:

Lisa M. Littke
5001 Wheatridge Dr.
Fuquay Varina, NC  27526

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of October, 2010.


/s/ C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854
Scott_Kirk@nceba.uscourts.gov
NC Bar No. 40349